803 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALTON HOLLINGSWORTH, Plaintiff-Appellant
v.
RUSSELL EASTERDAY, d/b/a EASTERDAY TIE AND TIMBER COMPANY,
and EASTERDAY TIE AND RUBBER COMPANY, INC.,
Defendants-Appellees.
 No. 85-5939.
 United States Court of Appeals, Sixth Circuit.
 Sept. 8, 1986.
 
 Before: ENGEL and NORRIS, Circuit Judges; and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Alton Hollingsworth appeals from a judgment of no cause of action following a jury verdict in favor of defendant and further appeals from an order denying his motion for a new trial in this diversity personal injury action brought in the United States District Court for the Western District of Kentucky. On appeal, Hollingsworth contends that the district court judge abused his discretion by excluding a number of evidentiary matters from the jury's consideration. Hollingsworth also contends that the judge improperly instructed the jury.
 
 
 2
 Hollingsworth, a citizen of Tennessee, brought this personal injury diversity action in the United States District Court for the Western District of Kentucky on June 25, 1984, against Easterday Tie & Timber Company, located in Kentucky. Hollingsworth alleged that he was injured on or about June 30, 1983, when several railroad ties fell on him while he was attempting to deliver them to Easterday. Hollingsworth claimed that the ties were caused to fall primarily because of the negligence of Easterday employees in bumping into Hollingsworth's delivery truck with a forklift truck.
 
 
 3
 A jury trial was conducted on August 20 and 21, 1985, and thereafter the jury returned a verdict of no cause of action. On September 5, 1985, Hollingsworth filed a motion for new trial which was denied on September 18, 1985. Hollingsworth then filed a timely appeal from these orders.
 
 
 4
 Hollingsworth raises a number of arguments which relate to the district judge's exclusion of certain evidentiary matters. Hollingsworth initially contends that the district judge abused his discretion by excluding evidence regarding witnesses' bias. Specifically, Hollingsworth contends that the district judge should have permitted him to introduce evidence to the effect that it was the policy of Easterday to discharge forklift drivers who hit trucks unloading before the drivers were clear of the area. Hollingsworth argues that this evidence could have been used to show bias on the part of those employees who testified on behalf of Easterday. Next, Hollingsworth contends that the district judge abused his discretion by excluding evidence of prior similar occurrences. According to Hollingsworth, the district judge should not have excluded testimony which would have indicated that, in the past, Easterday drivers had commenced to unload ties before the drivers were clear. Hollingsworth raises a related argument to the effect that it was an abuse of discretion for the district judge to exclude evidence that it was the course of conduct for Easterday employees to unload ties from trucks prior to the completion of the unchaining process. Hollingsworth further contends that the district judge abused his discretion by excluding evidence that a sign was erected after Hollingsworth's accident as a subsequent remedial measure inadmissible under Federal Rules of Evidence 407. Hollingsworth argues that this sign, which warned forklift drivers to stay away from trucks until they were finished unloading, was not a remedial measure and, therefore, he should have been allowed to introduce the erection of the sign as an act inconsistent with the contentions of the defendant or an admission against interest. He further argues that he should have been allowed to introduce this evidence to impeach those witnesses who testified that no forklift was in the area. Next, Hollingsworth claims that the district judge abused his discretion by excluding evidence pertaining to the sale of Hollingsworth's business and the rehabilitation necessary for him to be retrained for other gainful employment. Hollingsworth insists that this evidence was relevant to the issue of damages and therefore should not have been excluded.
 
 
 5
 In addition to the alleged evidentiary errors, Hollingsworth also contends that the trial judge improperly instructed the jury on certain issues. According to Hollingsworth, the trial judge improperly instructed the jury regarding Easterday's duty to warn and to keep a proper lookout. Hollingsworth claims that the district court erred by limiting the instruction to a duty to exercise ordinary care, rather than the more specific duty of keeping a proper lookout and to warn of hazardous conditions. Hollingsworth further contends that the trial judge failed to properly instruct the jury regarding the doctrine of respondeat superior. Specifically, Hollingsworth argues that the trial judge erred by refusing to expressly instruct the jury that the liability for acts and omissions of Easterday's employees were to be imputed to Easterday. Next, Hollingsworth contends that the trial judge erred when he commented on the damage instruction by using the terms "actual" and "compensatory" damages to the jury and thereafter not defining them. Hollingsworth also contends that the trial judge erred in making certain remarks to the jury not contained in the instructions which gave undue prominence to certain facts and issues. In particular, Hollingsworth contends that it was error for the district judge to unduly emphasize to the jury its duty to determine whether or not the forklift caught the truck. According to Hollingsworth, the ordinary care instruction necessarily includes more issues than whether the forklift bumped the truck and it was therefore error for the district judge to emphasize this one facet of ordinary care. Finally, Hollingsworth claims that the trial judge gave the jury the impression that he favored the defendant. According to Hollingsworth, this favorable impression was created by the district judge's refusal to allow him to introduce relevant evidence while permitting the defendant wide latitude in rebuttal, but refusing significant rebuttal evidence to be introduced by Hollingsworth. Hollingsworth argues that this favorable impression was further created by the district judge's comments to the jury on the damages issue and also by emphasizing the issue of whether the forklift bumped the truck.
 
 
 6
 Upon consideration, we are, first of all, fully satisfied that the trial judge correctly excluded evidence of the construction of a sign on the premises after Hollingsworth's accident, and that this evidence related to a subsequent remedial measure inadmissible under Federal Rule 407. With respect to the other claims of error in the exclusion of evidence, the court is of the opinion that the decision whether to admit or exclude such evidence was in each instance within the broad discretion accorded the trial judge; and to the extent that the introduction by plaintiff of any particular evidence was excessively curtailed, its exclusion did not so affect the substantial rights of the plaintiff or work to the prejudice of the plaintiff so as to constitute reversible error. See Fed. R. Civ. P. 61. Finally, we conclude, contrary to the contention of plaintiff, that the conduct of the trial judge was even-handed and did not convey to the jury any impression that he favored one party over the other. Likewise, we conclude that the instructions given were appropriate under Kentucky law which governed in this diversity case.
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation